WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| NOB HILL PROPERTIES, INC. dba HUNTINGTON HOTEL, | JURY TRIAL DEMAND |
| Defendant. | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and retaliation and to provide appropriate relief to Mr. Martin Roman who was aggrieved by Defendant's unlawful practices. Plaintiff alleges that Defendant, Nob Hill Properties, Inc., dba Huntington Hotel, unlawfully refused to assign Mr. Roman to the position of Room Service Relief Captain because of his national origin, Mexican. Plaintiff further alleges that Defendant subjected Mr. Roman to retaliation after he filed a charge complaining about the aforementioned national origin discrimination with Plaintiff Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

## INTRA-DISTRICT ASSIGNMENT

2. This action is appropriate for assignment to the San Francisco/Oakland division because the unlawful employment practices alleged were committed within the County of San Francisco, the employment record relevant to the unlawful practices are located in the County of San Francisco, and because Defendant's principal place of business is in the County of San Francisco.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Nob Hill Properties, Inc., dba Huntington Hotel ("Defendant") has continuously been, and is now, a California corporation, qualified and doing business in the state of California and the city of San Francisco and has continuously had and does now have at least 15 employees.

5. At all relevant times, Defendant has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

//
//
//

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

## INTRA-DISTRICT ASSIGNMENT

2. This action is appropriate for assignment to the San Francisco/Oakland division because the unlawful employment practices alleged were committed within the County of San Francisco, the employment record relevant to the unlawful practices are located in the County of San Francisco, and because Defendant's principal place of business is in the County of San Francisco.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Nob Hill Properties, Inc., dba Huntington Hotel ("Defendant") has continuously been, and is now, a California corporation, qualified and doing business in the state of California and the city of San Francisco and has continuously had and does now have at least 15 employees.

5. At all relevant times, Defendant has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

//
//
//

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on National Origin Discrimination**

6.  More than thirty days prior to the institution of this lawsuit, Mr. Martin Roman filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least October 2000, Defendant has engaged in unlawful employment practices of discrimination based on national origin in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to assign Charging Party Martin Roman ("Charging Party") to the position of Relief Room Service Captain because of his national origin.

8.  The effect of the practices complained of above in paragraph 7 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his employment status because of his national origin.

9.  The unlawful employment practices complained of above in paragraph 7 were and are intentional.

10. The unlawful employment practices complained of above in paragraph 7 were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on Retaliation**

11. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 7 above as though fully set forth herein.

12. In addition to the above-referenced discrimination based on national origin, subsequent to and/or concurrent with said discrimination based on national origin, beginning on or about November 19, 2003, Defendant has engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3 (a), by subjecting Charging Party to adverse employment actions, including continued

1 refusal to assign Charging Party to the position of Relief Room Service Captain, in
2 retaliation for his having made a charge of discrimination,

3   13.   The effect of the actions complained of in paragraph 12 above has been to
4 deprive Charging Party of equal employment opportunities and otherwise adversely
5 affect his status as an employee because of his protected activity.

6   14.   The unlawful employment practices complained of in paragraph 12 above
7 were intentional.

8   15.   The unlawful employment practices complained of in paragraph 12 above
9 were done with malice or with reckless indifference to the federally protected rights of
10 Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on national origin and/or retaliation against its employees.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of Mexican national origin and persons who make charges of discrimination, and which eradicate the effects of its unlawful employment practices.

C.   Order Defendant to make whole Charging Party by providing appropriate back pay, lost wages and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to medical expenses or other out of pocket expenses in amounts to be determined at trial.

E.   Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of above, including but not limited to pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct complained of above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

JAMES L. LEE  
Deputy General Counsel  
GWENDOLYN YOUNG REAMS  
Associate General Counsel  

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Office of the General Counsel  
Washington, DC 20507  

Dated: 3/21/16

WILLIAM R. TAMAYO  
Regional Attorney  

Dated: 3/21/06

JONATHAN T. PECK  
Supervisory Trial Attorney  

Dated: 3/20/06

CINDY O'HARA  
Senior Trial Attorney  

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
San Francisco District Office  
350 The Embarcadero, Suite 500  
San Francisco, CA 94105