SEYFARTH SHAW LLP
William J. Dritsas (SBN: 097523)
Kamili Williams Dawson (SBN: 193264)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NOB HILL PROPERTIES, INC. dba HUNTINGTON HOTEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
William Tamayo (SBN 084965)
Jonathan T. Peck (VA Bar No. 12303)
Cindy O'Hara (SBN 114555)
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | Case No. C 06-2104 MMC |
| Plaintiff, | ) ) ) | **PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION** |
| v. | ) ) | |
| NOB HILL PROPERTIES, INC. dba HUNTINGTON HOTEL | ) ) ) | |
| Defendant. | ) ) | |

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including any party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure of Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party's competitor and who, at the time of retention, has no pending application or offer to become an employee of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation.  Nonetheless, the parties agree to abide by the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those

1   parts of material, documents, items, or oral or written communications that qualify – so that other

2   portions of the material, documents, items, or communications for which protection is not

3   warranted are not swept unjustifiably within the ambit of this Order.

4         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

6   unnecessarily encumber or retard the case development process, or to impose unnecessary

7   expenses and burdens on other parties), expose the Designating Party to sanctions.

8         If it comes to a Party's or a non-party's attention that information or items that it

9   designated for protection do not qualify for protection at all, or do not qualify for the level of

10   protection initially asserted, that Party or non-party must promptly notify all other parties that it

11   is withdrawing the mistaken designation.

12         5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

13   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14   material that qualifies for protection under this Order must be clearly so designated before the

15   material is disclosed or produced.

16         Designation in conformity with this Order requires:

17             (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

18   or other pretrial or trial proceedings), that the Producing Party affix the legend

19   "CONFIDENTIAL" at the top of each page that contains protected material.

20         A Party or non-party that makes original documents or materials available for inspection

21   need not designate them for protection until after the inspecting Party has indicated which

22   material it would like copied and produced. During the inspection and before the designation, all

23   of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

24   inspecting Party has identified the documents it wants copied and produced, the Producing Party

25   must determine which documents, or portions thereof, qualify for protection under this Order,

26   then, before producing the specified documents, the Producing Party must affix the appropriate

27   legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.

28

1         (b)    for testimony given in deposition or in other pretrial or trial proceedings,

2   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

3   close of the deposition, hearing, or other proceeding that the deposition contains confidential

4   information.

5         (c)    for information produced in some form other than documentary, and for

6   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

7   the container or containers in which the information or item is stored the legend

8   "CONFIDENTIAL."

9         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

10  failure to designate qualified information or items as "Confidential" does not, standing alone,

11  waive the Designating Party's right to secure protection under this Order for such material. If

12  material is appropriately designated as "Confidential" or  after the material was initially

13  produced, the Receiving Party, on timely notification of the designation, must make reasonable

14  efforts to assure that the material is treated in accordance with the provisions of this Order.

15      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16        6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

17  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

19  waive its right to challenge a confidentiality designation by electing not to mount a challenge

20  promptly after the original designation is disclosed.

21        6.2    Meet and Confer. A Party that elects to initiate a challenge to a

22  Designating Party's confidentiality designation must do so in good faith and must begin the

23  process by conferring directly (in voice to voice dialogue; other forms of communication are not

24  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

25  explain the basis for its belief that the confidentiality designation was not proper and must give

26  the Designating Party an opportunity to review the designated material, to reconsider the

27  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

28

1   designation. A challenging Party may proceed to the next stage of the challenge process only if it

2   has engaged in this meet and confer process first.

3           6.3    Judicial Intervention. A Party that elects to press a challenge to a

4   confidentiality designation after considering the justification offered by the Designating Party

5   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7   challenge. Each such motion must be accompanied by a competent declaration that affirms that

8   the movant has complied with the meet and confer requirements imposed in the preceding

9   paragraph and that sets forth with specificity the justification for the confidentiality designation

10  that was given by the Designating Party in the meet and confer dialogue.

11      The burden of persuasion in any such challenge proceeding shall be on the Designating

12  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

13  question the level of protection to which it is entitled under the Producing Party's designation.

14         7.    ACCESS TO AND USE OF PROTECTED MATERIAL

15          7.1    Basic Principles. A Receiving Party may use Protected Material that is

16  disclosed or produced by another Party or by a non-party in connection with this case only for

17  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

18  disclosed only to the categories of persons and under the conditions described in this Order.

19  When the litigation has been terminated, a Receiving Party must comply with the provisions of

20  section 11, below (FINAL DISPOSITION).

21      Protected Material must be stored and maintained by a Receiving Party at a location and

22  in a secure manner that ensures that access is limited to the persons authorized under this Order.

23         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

24  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

25  disclose any information or item designated CONFIDENTIAL only to:

26         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

27  employees of said Counsel to whom it is reasonably necessary to disclose the information for

28  this litigation;

1    (b)    the officers, directors, and employees (including House Counsel) of the

2  Receiving Party to whom disclosure is reasonably necessary for this litigation;

3    (c)    experts (as defined in this Order) to whom disclosure is reasonably

4  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

5  Order" (Exhibit A);

6    (d)    the Court and its personnel;

7    (e)    court reporters, their staffs, and Professional Vendors to whom disclosure

8  is reasonably necessary for this litigation;

9    (f)    during their depositions and in preparation for their depositions, witnesses

10  in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition

11  testimony or exhibits to depositions that reveal Protected Material must be separately bound by

12  the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

13  Protective Order;

14    (g)    the author of the document or the original source of the information; and

15    (h)    any Party, who then shall have all the rights and duties of a Receiving

16  Party.

17    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

18  <u>OTHER LITIGATION</u>

19    If a Receiving Party is served with a subpoena or an order issued in other litigation that

20  would compel disclosure of any information or items designated in this action as

21  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

22  fax, if possible) immediately and in no event more than three court days after receiving the

23  subpoena or order. Such notification must include a copy of the subpoena or court order.

24    The Receiving Party also must immediately inform in writing the Party who caused the

25  subpoena or order to issue in the other litigation that some or all the material covered by the

26  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

27  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

28  caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify  the title of the case, the case number, and the title of the document.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation.

12.     <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

///
///
///

[Proposed] Protective Order -- Case No. CV 04-05082 MMC

1   the material covered by this Protective Order.

2   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3
4   DATED: October 25, 2006                    SEYFARTH SHAW LLP

5
6                                              By   /s/
                                              _____
7                                                  Kamili Williams Dawson
                                              Attorneys for Defendant
8                                              NOB HILL PROPERTIES, INC. DBA
                                              HUNTINGTON HOTEL
9
10  DATED: October 25, 2006                    EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
11
12                                             By   /s/
                                              _____
13                                                 Cindy O'Hara
                                              Attorney for Plaintiff
14                                             EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
15

16

17

18  PURSUANT TO STIPULATION , IT IS SO ORDERED.

19  Dated: October 30, 2006

20                                             _____
                                              Honorable Maxine M. Chesney
                                              United States District Court Judge
21

22

23

24

25

26

27

28

[Proposed] Protective Order -- Case No. CV 04-05082 MMC

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____[print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *EEOC v. Nob Hill Properties,* Case No. C 06-2104 MMC . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[Proposed] Protective Order -- Case No. CV 04-05082 MMC