WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. C-06-02104 MMC |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| **NOB HILL PROPERTIES, INC. dba HUNTINGTON HOTEL,** | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of national origin and retaliation, and to provide appropriate relief to Martin Roman whom the Commission alleged was adversely affected by such practices. The Commission alleged that Defendant Nob Hill Properties, Inc., dba The Huntington Hotel ("Huntington") subjected Mr. Roman to discrimination based on his national origin and retaliation, in violation of Title VII. Defendant has denied all of the Commission's allegations and claims. The Commission and Defendant Huntington now seek to resolve this action as to each other and as between Huntington and Martin Roman ("Charging Party") without further contested litigation through the instant Consent Decree. This resolution does not constitute an admission of liability

on the part of Huntington, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Huntington in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Huntington will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Huntington and its current officers, agents, employees, and all persons in active concert or participation with them will comply with all requirements of Title VII with respect to providing a work environment free from discrimination, including discrimination based on national origin and retaliation.

7. Huntington and its current officers, agents, employees, and all persons in active concert or participation with them agree not to retaliate against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Communication relevant to resolution of claims**

8. As a part of the resolution of this action, Defendant will prepare a conciliatory letter to Charging Party to be signed by Isabelle Fritz-Cope and John Cope, reiterating

Defendant's commitment to equal opportunity.

9. As a further part of the resolution of this action, Charging Party will be given the opportunity to meet with John Cope and Simon Harrington to discuss workplace issues in the Food and Beverage Department.

**Training**

10. Huntington will use an outside consultant, paid for by Huntington, to provide equal employment opportunity training to all employees once per year during the term of this Consent Decree (two trainings total), such year to be measured from the entry of this Consent Decree. The training will specifically include the subjects of national origin-based discrimination and retaliation.

**Record Keeping and Reports**

11. Within thirty (30) days after completing each training session described in paragraph 10, Huntington will mail to counsel for the Commission a report containing the name of the individual or organization which did the training, the date of training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

12. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Huntington will notify counsel for the Commission whether it has received any complaints of discrimination based on national origin or retaliation from employees in the Food and Beverage Department (whether said complaints were oral or written, formal or informal, filed with an administrative agency or simply raised to a management official at the workplace), what steps were taken in response to the complaint(s), and how the situation was resolved.

**MONETARY RELIEF**

13. Huntington will pay the total sum of $35,000.00, to Charging Party Martin Roman as damages for emotional distress and in complete satisfaction of the Commission's claims against Huntington as set forth in its Complaint. This sum will be

1  paid directly to Charging Party, and will be mailed to him via certified mail at an
2  address to be provided to Huntington by the Commission, within seven business days
3  of the entry of this Consent Decree. A copy of said check and any transmittal letter will
4  be sent to Commission counsel Cindy O'Hara at the San Francisco District Office.

5  **SCOPE AND EXPIRATION OF CONSENT DECREE**

6  14. This Consent Decree represents the full and final resolution of EEOC
7  charges 370-2004-00248 and 370-2004-02673 on which this action was based. In
8  addition, the Commission will not use EEOC charge 370-2005-00463 as the basis for
9  litigation, and will instead close 370-2005-00463 as successfully conciliated.

10  15. This Consent Decree will be in effect for two (2) years, and will expire at
11  midnight of the date two (2) years after its entry by the Court, provided that
12  Huntington has substantially complied with the terms of this Consent Decree.
13  Huntington will be deemed to have complied substantially if the Court has not made
14  any findings or orders during the term of the Decree that Huntington has failed to
15  comply with any of the terms of this Decree.

16  **E-filing concurrence:** I, Cindy O'Hara, attorney for Plaintiff Commission, attest
17  that I have obtained the concurrence of Kamili Williams Dawson, attorney for
18  Defendant Nob Hill Properties, Inc. dba Huntington Hotel for the lodging of this
19  Consent Decree.

20  On Behalf of Plaintiff Commission:            On Behalf of Defendant:

21  Dated: March 6, 2007                          Dated: March 6, 2007

22  EQUAL EMPLOYMENT OPPORTUNITY                  SEYFARTH SHAW, LLP
    COMMISSION
23
       _____/S/_____               _____/S/_____
24  WILLIAM R. TAMAYO                             Kamili Williams Dawson
    Regional Attorney                             Attorneys for Defendant Nob Hill
25                                                Properties, Inc. dba Huntington Hotel
       _____/S/_____
26  JONATHAN PECK
    Supervisory Trial Attorney
27
       _____/S/_____
28  CINDY O'HARA
    Senior Trial Attorney

1 **ORDER**

2    It is so ordered.

3

4 Dated: March 8, 2007                    _____
                                          U.S. District Court Judge

CONSENT DECREE                                                     Page 5